# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES RUSSELL MUNSON                                                                     PLAINTIFF
ADC #112106

V.                                      NO: 5:08CV00202 BSM/HDY

LARRY NORRIS *et al.*                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

1

>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Delta Regional Unit of the Arkansas Department of Correction, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on July 28, 2008, alleging a variety of constitutional violations allegedly committed by numerous Defendants. Pursuant to a Court order, Plaintiff filed an amended complaint on October 9, 2008 (docket entry #13). On January 22, 2009, Defendants filed a motion for judgment on the pleadings and a brief in support (docket entries #65 & #66). Plaintiff filed a response on February 9, 2009 (docket entry #76).

### I. Standard of review

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated,

"a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.

## II. Analysis

According to Plaintiff's amended complaint, he tried unsuccessfully on November 23, 2007, to utilize the prison grievance system through Defendant Sgt. Jimmy Via, who refused to accept an emergency informal resolution. Later that day, Plaintiff was attempting to give the paperwork to Defendant Cpl. Randy McGhee, when Via interrupted and told Plaintiff to go to his cell. Later, McGhee, Sgt. Sims, and Defendant Lt. Roger Paul came to the cell, and Plaintiff was explaining his problems, when Via burst into the door, and got "hateful" toward Plaintiff. On November 26, 2007, Plaintiff was served with a disciplinary charge by Defendant Chad Burrow, who allegedly refused to let Plaintiff call a security camera at a disciplinary hearing. On November 30, 2007, Plaintiff was found guilty of all the charges. As a result of the conviction, Plaintiff was apparently removed from the Reduction of Sexual Victimization Program ("RSVP"). Plaintiff's appeals of the disciplinary

conviction were fruitless. Plaintiff contends that disciplinary charge was in retaliation for his grievances, and that he was denied due process in the hearing process. Plaintiff seeks declaratory relief; injunctive relief in the form of placement back into the RSVP program, with credit for time spent in the program in 2007, along with removal of the disciplinary from ADC and RSVP records; compensatory and punitive damages; and other costs.

Defendants assert that Plaintiff's complaint must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*., at 486-487. Because Plaintiff's success in this lawsuit would imply the invalidity of his disciplinary conviction, and thus shorten the time of his confinement, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed.[1]

Attached to Plaintiff's original complaint is a report showing the action taken after the hearing on the charge at issue in this complaint (docket entry #2, pages #88-#89). According to that report, Plaintiff forfeited 150 days of good time. Although Plaintiff does not appear to request restoration of that good time in his amended complaint, he has requested removal of the disciplinary from all his ADC and RSVP records, and any success in this lawsuit would imply the invalidity of the determination that he forfeit good time. *Heck* has been applied to prison disciplinary convictions

---

[1]On March 30, 2009, Plaintiff filed a motion to amend (docket entry #97), in which he seeks to add correctional officer Thomas Ford as a Defendant. According to Plaintiff, Ford offered a false witness statement at the disciplinary hearing. Even if Ford were added, it would not change the analysis of Plaintiff's complaint.

where good time credits are lost. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (holding an inmates's due process claim for declaratory relief and money damages regarding disciplinary citation is not cognizable under § 1983). Although not all challenges to disciplinary proceedings are subject to being barred by *Heck*, the United States Supreme Court has indicated that those cases are limited to disciplinary convictions that do not involve the loss of good time. *See Muhammad v. Close*, 540 U.S. 749, 754-755 (2004) (effect of disciplinary conviction on good time credits is a matter of state law or regulation, and trial judge found no good time credits were eliminated by conviction). Plaintiff's due process challenge to his disciplinary conviction here is essentially that the hearing officer was biased, and did not allow him to present evidence supporting his innocence of the charge. Thus, Plaintiff's due process claim is identical to the one raised in *Balisok*, and, just as in *Balisok*, success on that claim would imply the invalidity of the disciplinary conviction and loss of good time. Unlike the relief requested in *Balisok*, however, Plaintiff's requested relief is in no way prospective. Even limiting relief only to placing Plaintiff back into the RSVP program would essentially void the disciplinary conviction. Because Plaintiff's success in this lawsuit would imply the invalidity of the disciplinary conviction reducing his good time credits, and there is no indication that the disciplinary conviction has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*, Plaintiff's complaint should be dismissed.[2]

---

[2] In his response to Defendants' motion, Plaintiff seems to indicate that he is claiming only that he has been denied access to the grievance system, and that the discipline he received was imposed in retaliation for attempting to use the system. Even if Plaintiff limits his complaint to those claims, and dropped any claim regarding the hearing itself, or the result, his complaint would still be subject to dismissal. In taking such a position, Plaintiff would appear to concede that the disciplinary conviction was proper, which would foreclose a retaliation claim. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform). In the absence of retaliation, the mere failure to process a grievance is not actionable. *See Buckley v.*

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for judgment on the pleadings (docket entry #65) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      All pending motions be DENIED AS MOOT.

DATED this  31   day of March, 2009.

                                                       UNITED STATES MAGISTRATE JUDGE

---

*Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).